**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Pharaoh El-Forever Left-i Amen El,

Petitioner,

v.

Paul Schnell, Individual and Official Capacity; and Guy Bosch, Individual and Official Capacity,

Respondents.

Case No. 21-CV-0156 (NEB/ECW)

**REPORT AND RECOMMENDATION**

---

Petitioner Pharaoh El-Forever Left-i Amen El has filed a petition for a writ of habeas corpus. (*See* Dkt. 1.) In that petition, Amen El asks that the Court order his release from prison because (he alleges) the facility where he is incarcerated has been unable, and will be unable in the future, to control the spread of COVID-19. This matter is before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] After review, this Court concludes that this matter must be dismissed without prejudice for failure to exhaust state remedies.

The United States Court of Appeals for the Eighth Circuit, like most of its sister circuits, has established what usually acts as a bright line between claims relating to (on

---

[1] As explored below, Amen El argues that his petition is not brought pursuant to 28 U.S.C. § 2254 and should not be construed as being brought pursuant to § 2254. This Court concludes that Amen El is incorrect, but in any event, the Rules Governing Section 2254 Cases may be applied in any habeas proceeding, including proceedings concerning petitions that are not brought under § 2254. *See* Rule 1(b).

the one hand) the **fact** or **duration** of a prisoner's confinement and (on the other hand) the **conditions** of a prisoner's confinement. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). Where a prisoner alleges that his detention is altogether unlawful (because, for instance, his conviction is invalid) or that his detention threatens to be carried out for too long (because, for instance, his sentence is invalid), a petition for a writ of habeas corpus is the correct procedural vehicle through which to bring that challenge. *Id*. But, the Eighth Circuit has concluded, "[i]f the prisoner is not challenging the validity of his conviction or the length of his detention . . . then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). Instead, claims regarding the conditions of confinement must be brought in a non-habeas civil lawsuit. *See Spencer*, 774 F.3d at 470.

Amen El suggests in his petition that he believes his conviction to be unlawful (*see, e.g.*, Dkt. at 8-9), but the claims raised in his petition relate solely to the conditions of his confinement, not the fact or duration of his confinement (*id*. at 9 (alleging that Amen El "is in custody in violation of the Constitution or laws or treaties of the United States because his detention violates the Eighth and Fourteenth Amendments to the United States Constitutions because the conditions of confinement constitute cruel and unusual punishment . . . ." (quotation omitted))). Under *Spencer*, such claims generally must be brought in a non-habeas civil lawsuit. 774 F.3d at 469-70.

The miscasting of civil claims as habeas claims (or vice versa) is not usually, by itself, an impediment to relief, especially where that miscasting has been done by an unrepresented litigant. Instead, a district court may reinterpret a pleading as appropriate;

for example, a habeas petition may be interpreted as a civil complaint raising claims pursuant to 42 U.S.C. § 1983 if the claims raised by the litigant are more appropriately brought under § 1983. *See Spencer*, 774 F.3d at 471. But the Court may reinterpret the pleading in this manner only if it has permission to do so from the litigant. *Id*. Amen El, perhaps looking to avoid the effects of the Prison Litigation Reform Act, has asked that his petition **not** be interpreted as raising claims under § 1983. (*See* Dkt. 2 at 1.) Because Amen El insists that his claims relating to the conditions of his confinement be examined as habeas claims rather than civil claims, this Court has no choice but to do so.

As explained above, the rule set forth in *Spencer* would usually preclude Amen El from seeking habeas relief based on claims relating to the conditions of his confinement. *See Spencer*, 774 F.3d at 469-70. But as this Court has noted previously, "*Spencer* and *Kruger* are distinguishable from the unique and unprecedented dilemma that the COVID-19 pandemic presents." *Mohammed S. v. Tritten*, No. 20-CV-0793 (NEB/ECW), 2020 WL 2750836, at *19 (D. Minn. Apr. 28, 2020), *R.&R. adopted by* 2020 WL 2750109 (D. Minn. May 27, 2020) ("It appears to this Court that habeas jurisdiction is appropriate and outside the holding of *Spencer* . . . ."). The relief sought in habeas proceedings is release from incarceration. By contrast, the appropriate remedy for the vast majority of claims relating to the lawfulness of a prisoner's conditions of confinement is either monetary relief or an injunction ordering that prison officials act lawfully in the future—that is, civil remedies, not habeas remedies. Amen El, however, alleges in his petition that the characteristics of the COVID-19 pandemic thwart any attempt to impose an effective remedy short of release. Amen El does not want money; he wants lawful living

conditions, and he argues that this Court cannot order prison officials to implement lawful living conditions during the pandemic. The only effective remedy, Amen El argues, is release — and release from prison is a habeas remedy, not a civil remedy. This Court therefore concludes that the rule of *Spencer* is not applicable to the claims brought by Amen El and that this matter is therefore appropriately presented as a habeas corpus proceeding. *See Mohammed S.*, 2020 WL 2750836, at *19.

The next question is, what kind of habeas corpus proceeding? Amen El, likely looking to avoid the procedural restrictions imposed by 28 U.S.C. § 2254, insists that his petition is brought pursuant to 28 U.S.C. § 2241(c)(3). Just as Amen El asked that his petition not be interpreted as a complaint raising claims under § 1983, Amen El also asks that the petition not be interpreted as governed by § 2254. (*See* Dkt. 2.)

This request reflects a common misunderstanding of the habeas corpus statutes (and a misunderstanding not limited to unrepresented litigants). Section 2241(a) authorizes federal courts—"the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions"—to grant petitions for writs of habeas corpus. Section 2241(c) then limits the granting of habeas petitions to five circumstances:

The writ of habeas corpus shall not extend to a prisoner unless —

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
>
> (5) It is necessary to bring him into court to testify or for trial.

All petitions for a writ of habeas corpus are, in a sense, § 2241 petitions. In every habeas corpus matter, § 2241(a) provides authorization for courts to grant habeas relief, while § 2241(c) sets forth the instances in which habeas relief may be granted.

Section 2254, by contrast, is a series of **restrictions** from seeking habeas relief placed on persons "in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2241(a). For example, prisoners held pursuant to a state-court judgment may seek relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* State prisoners must also first exhaust available state remedies for their claims. 28 U.S.C. § 2254(b)-(c). Review of the state-court adjudication of the claims is subject to a highly deferential standard of review. *See* 28 U.S.C. § 2254(d). And so on.

For purposes of this case, the important point is that Amen El's habeas petition need not be **interpreted** as a petition governed by § 2254; it **is** governed by § 2254 by the terms of that provision. Amen El is in prison pursuant to a state-court judgment. Regardless of how Amen El labels his habeas petition or the statutory provision he

invokes, that petition is subject to the restrictions imposed by law upon all federal habeas petitions filed by prisoners held pursuant to a state-court judgment.[2] There is no construction of Amen El's habeas petition that would avoid the application of § 2254.

This means, among other things, that Amen El must exhaust available state-court remedies for his claims.[3] *See* 28 U.S.C. § 2254(b). Amen El acknowledges in his petition that such state-court remedies are available, noting that litigation has been brought on behalf of prisoners in state court seeking habeas corpus and mandamus relief under state law. (*See* Dkt. 1 at 4.) But there is no reason to believe from the habeas petition or from the state-court records available to this Court that Amen El has

---

[2] A litigant is entitled to a warning before a civil complaint is reinterpreted as a habeas petition subject to § 2254. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003); *Smith v. Hobbs*, 490 F. App'x 883 (8th Cir. 2012) (per curiam) (applying *Castro* to § 2254). But the pleading in this matter is labeled by Amen El as a habeas petition; because this matter does not involve reinterpretation of a civil complaint, this Court concludes that a *Castro* warning is unnecessary. In any event, the warning contemplated by *Castro*—that the prisoner should be aware that any future petition will be treated as "second or successive," 28 U.S.C. § 2244(d)—would be inapplicable here should this Court's Recommendation be adopted. This Court concludes, for the reasons provided below, that Amen El has not exhausted state remedies for his claims and that the petition should be dismissed on that basis. Should Amen El renew his federal habeas corpus claims after exhausting those claims in state court, his petition would not be second or successive for purposes of § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 644-45 (2003). (Any attack brought by Amen El on his conviction or sentence would already be second or successive, *see Thomas v. Roy*, No. 17-CV-2790 (DWF/HB), 2015 WL 4374007 (D. Minn. Sept. 13, 2018), again making a *Castro* warning unnecessary).

[3] Amen El has previously sought habeas corpus relief from his detention by the State of Minnesota, *see Thomas*, 2015 WL 4374007, but his current habeas petition relates to a factual predicate—the legality of the conditions of his confinement due to the COVID-19 pandemic—that was not available to him at the time he brought his earlier habeas petition. Thus, although this is not Amen El's first habeas petition, his petition is not "second or successive" within the meaning of § 2244(b). *See Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011).

presented, much less fully exhausted, his claims for relief in the state courts. Section 2254(b) requires such exhaustion, and Amen El's petition is subject to § 2254(b). Accordingly, it will be recommended that this matter be dismissed without prejudice. Because this Court does not believe that "that jurists of reason would find it debatable whether [it] was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 478 (2000), it is further recommended that a certificate of appealability not be issued, *see* 28 U.S.C. § 2253(c).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

2. No certificate of appealability be issued.

Dated: February 11, 2021

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being

served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).