UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PHARAOH EL-FOREVER LEFT-I AMEN EL,[1] | Case No. 21-CV-156 (NEB/ECW) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| PAUL SCHNELL and GUY BOSCH, | |
| Respondents. | |

Pharaoh El-Forever Left-I Amen El filed a petition for writ of habeas corpus under 28 U.S.C. Section 2241, seeking his release from the custody of Paul Schnell, Commissioner of the Minnesota Department of Corrections, and Guy Bosch, warden of Minnesota Correctional Facility–Stillwater ("MCF–Stillwater") (collectively, the "DOC"). (ECF No. 1 ("Pet.").) In a Report and Recommendation, United States Magistrate Judge Elizabeth Cowan Wright recommends dismissing the Petition without prejudice for failure to exhaust state remedies. (ECF No. 3 ("R&R") at 7.) Amen El objected. (ECF Nos. 4–8.) For the following reasons, the Court overrules Amen El's objections, accepts the R&R, and dismisses the Petition without prejudice.

---

[1] The name under which the Department of Corrections took custody of Amen El is Desean Lamont Thomas. (ECF No. 1 at 2.) The Court refers to Amen El by his chosen name. (*E.g., id.* at 6 ("Amen El requested . . .").)

1

## BACKGROUND

Although the R&R lays out the background of the case, (*see generally* R&R), further developments in the case since Judge Wright issued it merit discussion.[2]

*Amen El*. Amen El is currently serving a sentence at MCF–Stillwater. (Ex. E at 37.) On October 27, 2020, personnel at MCF Stillwater ordered him to move to a specific cell at the prison. Because an inmate with COVID-19 had recently occupied the cell, Amen El objected. (Pet. at 6.)

*Prior Litigation*. On November 5, 2020, Amen El filed a lawsuit against both Commissioner Schnell and Warden Bosch, among others, before the Ramsey County District Court, under 42 U.S.C. Section 1983, claiming that they had violated his constitutional rights by failing to adequately respond to the COVID-19 pandemic. (Exs. A, B; *see Amen El v. Bosch*, No. 62-CV-20-5300 (Ramsey Cnty. Dist. Ct. 2020) ("*Amen El* I").) Amen El moved for a temporary restraining order and the Ramsey County Court held a hearing on the motion. (*Amen El* I, No. 50; Ex. A at 6.)

Simultaneously, Amen El filed a petition for writ of habeas corpus before the Washington County District Court seeking release from custody. (Ex. C; Ex. D; *see Amen El v. Bosch*, No. 82-CV-20-4362 (Wash. Cnty. Dist. Ct. 2020) ("*Amen El* II").) The petition

---

[2] The Court draws the additional facts from various documents the parties filed after Judge Wright issued the R&R. Although several of these documents may be found through the Minnesota state court electronic filing system, the Court cites to exhibits the DOC filed where possible. It refers to these documents, found at ECF No. 11-1 as "Ex. [X] at [ECF page number]."

brought the same claims against essentially the same parties, seeking the same relief under different theories. (Ex. F at 48 ("The two actions . . . are nearly identical."); *compare* Ex. B, *with* Ex. D.) The DOC moved to dismiss *Amen El* II based on the first-to-file rule. (Ex. E.) Amen El filed an amended habeas petition and served it upon Commissioner Schnell but was unable to serve Warden Bosch. (Ex. H at 2 n.1.)

While both *Amen El* I and *Amen El* II were pending in state court, Amen El filed the Petition, again raising almost identical claims. (*Compare* Pet., *with* Ex. B, *and* Ex. D.)

In February 2021, the Washington County District Court dismissed *Amen El* II without prejudice, based on the first-to-file rule, concluding that, because the claims and issues in both cases were the same, Amen El could obtain an adequate remedy before the Ramsey County District Court. (Ex. F.) Amen El sought reconsideration, arguing that the DOC had obstructed justice by blocking his efforts to serve Warden Bosch. The Washington County District Court denied the request, concluding that service was irrelevant because it had dismissed the petition based on the first-to-file rule, not a failure of service. (EX. H; Ex. I.) Shortly thereafter, Amen El filed a motion for voluntary dismissal of his Section 1983 case in Ramsey County, which the court granted. (Ex. J; *Amen El* I, No. 115.) Amen El has not filed any appeals from these orders, but he appears to have requested some form of relief directly from the Minnesota Court of Appeals. (ECF No. 4-1 (informing Amen El that the Minnesota Court of Appeals does "not entertain [a petition for habeas corpus] in the first instance").)

As it stands, the Petition is Amen El's third attempt to obtain release due to the DOC's alleged violation of his constitutional rights. Amen El voluntarily dismissed the first prior to resolution of the merits, and the Washington County District Court dismissed the second based on the first-to-file rule.

## DISCUSSION

The Court reviews the portions of the R&R to which Amen El objects *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). It reviews the remaining portions of the R&R for clear error. Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Because Amen El is proceeding *pro se*, the Court construes his objections liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*Exhaustion*. The R&R recommends dismissing the Petition without prejudice because Amen El has failed to exhaust his state court remedies.[3] Section 2254 requires that a petitioner for a writ of habeas corpus must exhaust "the remedies available in the courts of the State" prior to any court issuing the writ. 28 U.S.C. § 2254(b)(1)(A). If the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," he has not exhausted his state court remedies. *Id.* § 2254(c).

---

[3] As the R&R aptly noted, although Amen El requests that the Court not construe the Petition in accordance with 28 U.S.C. Section 2254, that section governs consideration of all habeas petitions filed by inmates in state custody—even those brought under Section 2241. (*See* R&R at 4–6.)

4

To exhaust state remedies, a petitioner must "fairly present" a claim to "each appropriate state court (including a state supreme court with powers of discretionary review)," to alert the state court of the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If the petitioner can still raise his claim under state law, but has not "fairly presented" it to the state courts, the claim is unexhausted. 28 U.S.C. § 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). So failure to fully litigate the merits of a habeas petition, or the issues on which it is based (including an appeal), renders the claim unexhausted.

These principles compel the conclusion that Amen El has failed to exhaust his state court remedies. He has not received a judgment on the merits from either court before whom he brought his claims, nor has he properly presented these issues to either the Minnesota Court of Appeals or the Minnesota Supreme Court. Further, it appears that he has the right to raise these issues again. *See* 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted [his remedies] . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.") The Washington County District Court dismissed his habeas petition without prejudice. (Ex. F.) And Amen El raised identical concerns in a Section 1983 lawsuit before the Ramsey County

District Court; the statute of limitations for such claims is six years, so Amen El may raise these claims again.[4] *Berg v. Groschen*, 437 N.W.2d 75, 77 (Minn. Ct. App. 1989).

Having concluded that Amen El has not exhausted his claims, the Court considers whether he meets the criteria for being excused from this obligation.

*Exceptions to Exhaustion*. There are two exceptions to the rule of exhaustion: (1) when "there is an absence of available State corrective process;" or (2) where "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Amen El argues that Minnesota's corrective processes are ineffective to protect his rights; he does not argue that there is an absence of such process. (ECF No. 5 ("Obj.") at 2.)

Amen El's argument that state process is ineffective to protect his rights focuses on the difficulties he had in serving Warden Bosch.[5] (ECF No. 5 at 2–3.) The DOC does

---

[4] It is not clear from the record before the Court whether Amen El's voluntary dismissal was with or without prejudice, but the Court notes that Minnesota Rule of Civil Procedure 41.01(a) states that unless "otherwise stated in the notice of dismissal or stipulation, [a voluntary dismissal] is without prejudice." Minn. R. Civ. P. 41.01(a). Accordingly, the Court considers that, absent a showing that the dismissal was with prejudice (an argument that the DOC has not made), the Ramsey County District Court dismissed Amen El's claims without prejudice and he may therefore raise them again.

[5] Amen El also argues that the Minnesota Court of Appeals failed to consider an appeal he made, but the record does not reflect any properly filed appeal or final judgment from which he could appeal. *See* Minn. R. App. P. 103.01, subd. 1 ("the appellant shall, simultaneously with the notice of appeal, file . . . a copy of the judgment or order from which the appeal is taken. . . .").

not dispute that Amen El was unable to serve Warden Bosch,[6] but contends it did not obstruct service and that, more importantly, any lack of service did not prejudice Amen El's habeas proceeding. (ECF No. 10 at 6–7.) The DOC also maintains that Amen El still had other avenues than the state habeas petition to bring his claims; namely, the Section 1983 case. (*Id.* at 8.)

Because the record demonstrates that a failure to serve Warden Bosch did not prejudice Amen El's claims (and Amen El is therefore not entitled to exemption from exhaustion), the Court need not consider the DOC's other arguments. First, the Washington County District Court dismissed Amen El's state habeas petition on the basis of the first-to-file rule, not because of a failure of service. (Ex. F; Ex. I.) Second, Minnesota law requires the Commissioner of the DOC (here, Commissioner Schnell) to be a party to a habeas petition, but does not require the warden of a specific prison to be named as a party. Minn. Stat. § 589.04(b); *State v. Schnagl*, 859 N.W.2d 297, 303 (Minn. 2015) ("A habeas petition is a civil action in which the Commissioner must be named as a party."). If Warden Bosch was not a necessary party, a failure of service would not affect Amen El's petition. Commissioner Schnell received service and moved to dismiss the petition based on the first-to-file rule. (Ex. E.) There is no basis for concluding that Amen El

---

[6] Amen El only takes issue with service in the state habeas case—he concedes that the DOC accepted service in his Section 1983 case. (ECF No. 5 at 3 n.2.)

7

suffered any prejudice as a result of an inability to serve Warden Bosch, or that this inability limited the effectiveness of the habeas proceeding.

*Certificate of Appealability*. To appeal an adverse determination on a petition for habeas corpus, the petitioner must obtain a certificate of appealability from either a circuit judge or from the Court. 28 U.S.C. § 2253(c). To obtain a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Amen El has not made such a showing and the Court therefore declines to issue a certificate of appealability.

*Remaining Issues*. The Court has reviewed the remaining portions of the R&R for clear error. Fed. R. Civ. P. 72(b); *Grinder*, 73 F.3d at 795. Finding no clear error, the Court accepts those portions of the R&R.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Amen El's Objections (ECF Nos. 4–8) are OVERRULED;

2. The R&R (ECF No. 3) is ACCEPTED;

3. The Petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies; and

4. No certificate of appealability be issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: May 7, 2021                                BY THE COURT:

                                                  s/Nancy E. Brasel
                                                  Nancy E. Brasel
                                                  United States District Judge